THE MUTUAL BENEFIT LIFE INSURANCE COMPANY v. WENZE KASHA AND ROSA KASHA.

No. 265.

1. APPELLATE PRACTICE—*case-made cannot be amended, even by stipulation of parties or certificate of trial court.* A case-made, attached to a petition in error filed in this court, cannot be amended, supplemented, or impeached, as to the rulings or orders of the trial court or judge complained of and assigned for error; not even by the stipulation of the parties or the certificate of the trial court.

2. PRINCIPLES OF REVIEW—*record not affirmatively showing separation, complaint that jury separated without proper admonition not considered.* A judgment will not be reversed in this court on the ground that the trial court erred in allowing the jury to separate without being properly admonished, where the record does not affirmatively and clearly show that the jury did so separate.

3. APPELLATE PRACTICE—*plaintiff in error not complying with rule six of this court, only clearly apparent error considered.* Where the plaintiff in error fails to comply with subdivisions "b" and "c" of rule six of this court, we shall not search very carefully for errors not specifically pointed out, nor reverse the case unless some reversible error is clearly apparent.

358      Insurance Co. v. Kasha.

N. Dept.      Opinion.   Wells, J.      6 Kan. App.

Error from Republic District Court. Hon. F. W. Sturges, Judge. Opinion filed December 23, 1897. *Affirmed.*

*W. T. Dillon*, for plaintiff in error.
*T. M. Noble*, for defendants in error.

Wells, J. On July 20, 1895, the plaintiff in error filed a petition in the District Court of Republic County, against the defendants in error and Bartlett Brothers, to foreclose a real-estate mortgage of fifteen hundred dollars and interest, given by the defendants in error to said plaintiff. On July 22, 1895, Bartlett Brothers filed their answer setting up a second mortgage on the same land in their favor, and asking that it be foreclosed. On August 24, 1895, the defendants in error filed their answer to said petition, admitting the execution and delivery of said notes and mortgage, but averring that said notes and mortgage were executed by them and delivered to defendants Bartlett Brothers, agents of the plaintiff; that these defendants applied to the plaintiff for a loan of fifteen hundred dollars to pay off a mortgage then existing upon the land described in the mortgage sued upon by the plaintiff; that the plaintiff, through its agents Bartlett Brothers, agreed to use the amount of said loan for the benefit of the defendants in paying off the mortgage then existing on said land, which it, the plaintiff, entirely failed and refused to do; that the defendants had never received any benefit or consideration for the said notes and mortgage, and that the said notes and mortgage were not supported by any consideration whatever. The defendants also answered their co-defendants', Bartlett Brothers', cross-petition, setting up the same facts as in their

INSURANCE CO. v. KASHA.                     359

Dec. 23, 1897.         Opinion.   Wells, J.              C. Div.

answer to the petition.  A reply was duly filed, the
same being a general denial.   The case was tried to
the court and a jury; the jury returned a general
verdict in favor of the defendants in error, and also
answered a large number of special questions asked
by each party.   A motion for a new trial was made
and overruled, and the case brought here for review.
There are six specifications of error set up by the
plaintiff in error.

I.  It is contended that the court erred in allowing
the jury to separate without being properly admon-
ished.  A peculiar state of facts appears to exist in
relation to this cause of complaint.   Page 61 of the
record says: "The hour of twelve o'clock having
arrived, the court adjourns for dinner and instructs
the jury as follows: 'You will now separate until
half past one for dinner, and during the time you
are separated do not talk about the case, or allow any
one to talk about it in your presence.'  Plaintiff then
and there objected to the separation of the jury until
properly admonished by the court, which was over-
ruled, plaintiff excepting.   The hour of half past one
having arrived, court convened with all parties ap-
pearing as before; jury all present."

The defendants in error say the record contains an
untruth "surreptitiously and clandestinely smuggled
into the record."   The parties stipulate — the trial
judge certifying that the stipulation is correct — in
substance, that said record is true, except that the
objection and exception to the separation of the jury
without being properly admonished was not taken
until after the court had adjourned and the jury sepa-
rated, and was in the absence of the attorneys for the
defendants in error.   The Supreme Court has so often
held that the record, as to the rulings or orders com-

360 INSURANCE CO. v. KASHA.

N. Dept. Opinion. Wells, J. 6 Kan. App.

plained of, cannot be changed or supplemented by outside evidence, not even by the certificate of the trial judge or stipulation of counsel, that it is not necessary to cite authorities on that proposition. The stipulation and certificate will have to be ignored. The facts of this case as they appear, justify us in holding the plaintiff in error strictly to its case-made ; and as it nowhere appears therein that the jury did in fact separate, the error complained of does not affirmatively appear.

II. It is next contended that the court erred in overruling the plaintiff's objection. to the introduction of testimony. As there was no general objection to the introduction of evidence under the pleadings at the beginning of the trial, we conclude that this specification refers to evidence offered by the defendants and admitted over the objection and exception of the plaintiff during the progress of the trial ; but as the plaintiff in error has wholly failed to comply with subdivisions "b" and "c" of rule six, we cannot tell exactly what testimony is referred to, or the nature of the supposed error. We infer from the brief that the testimony of W. H. Bell, on pages 43 to 46 of the record, and the letter from Bartlett Brothers, on page 169 of the record, contain the evidence complained of. The principal issue in this case was whether Bartlett Brothers acted in the transaction out of which the case grew as the agent of the plaintiff or of the defendants, the plaintiff in error claiming the latter and the defendants in error the former. The evidence referred to tended to throw light upon this issue and was properly admitted.

III. The third assignment of error is in not instructing the jury to find a verdict for the plaintiff, as asked by it. This was not error. The issue was

squarely raised by the pleadings and the evidence as to whether Bartlett Brothers were acting for the Kashas in disposing of the money derived from the mortgage. If they were not, the defendants were entitled to a verdict. There was evidence fairly tending to disprove such agency, and it was a proper matter to go to the jury.

The other specific errors alleged are in relation to the instructions refused and the instructions given, and here again the plaintiff in error has failed to observe the requirements of rule six, and we shall not attempt to discuss the instructions in detail. It seems to us that the court properly instructed the jury on the issues of law involved in the case, and we see no reversible error therein.

The judgment of the court below will be affirmed.